WILLIAM HEAD *versus* NATHAN SLEEPER & *al.*

In an action against the acceptors upon an order drawn on them for a sum certain, to be paid " when you receive your payments from W. on his house," and accepted by the partnership name of the defendants, " to be paid as here stated ;" the plaintiff must prove, to maintain his action, that one at least of the defendants accepted the order by the partnership name ; that they were at that time partners in the business to which it related ; and that they had " received their payments from W. on his house."

The Court may according to our practice order a nonsuit, when the testimony introduced by the plaintiff will not authorize the jury to find a verdict in his favor.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

The writ was dated Nov. 27, 1837. The action was assumpsit upon an order of which a copy follows : —

" Sleeper & Clark. Please to pay William Head the sum of thirty-three dollars, seventy-six cents, when you receive your payments from A. Woodman on his house, for value received. August 1, 1836. James Proctor."

Upon it was written, " Accepted to be paid as here stated. Sleeper & Clark."

There were two small indorsements of payments on the order.

The paper was introduced and read in evidence by the plaintiff.

After having released Proctor, his deposition was taken and read in evidence by the plaintiff. Proctor stated, that he gave the order to the plaintiff ; that he took a job of Sleeper & Clark in finishing Woodman's house, and while at work there, gave the order ; that Sleeper & Clark informed him, that they had accepted the order ; that he settled with them, Nov. 10, 1836, and received of them their account, receipted, one item of which was — " To paid your order to William Head, $33,76," which sum was allowed them by him ; that they remarked at the time, that they should be obliged to pay the order, and should not lose much if they did not get their pay of Woodman, as they had received all their pay excepting about fifty dollars, for which they had taken Woodman's note at the time

they gave the contract up. Sleeper told him, that the contract between Sleeper & Clark and Woodman had been discharged.

The plaintiff here rested his case, and thereupon the counsel of the defendants moved the Court, that a nonsuit should be directed. The presiding Judge ordered a nonsuit and the plaintiff filed exceptions.

*Wilson*, for the plaintiff, contended that the Judge has no right to order a nonsuit in any case when the plaintiff appears. 1 Tidd's Pr. 798; 2 W. Black. R. 239; 2 T. R. 281; 3 T. R. 662; 1 Burr. 358; Cowper, 483; 1 Strange, 267; 2 Strange, 1117; 3 Bl. Com. 316; Const. of Maine, Dec. of Rights, § 20. But our Court have never gone further, than to order a nonsuit, where the evidence is all on one side, and not sufficient to enable the plaintiff to hold his verdict, if one was found in his favor. 2 Greenl. 7; 6 Pick. 117. He insisted that in the present case, the Judge had entirely misapprehended the testimony, and that it was abundantly sufficient to justify, and indeed to require a verdict for the plaintiff.

*Washburn*, for the defendants, argued that there were two sufficient grounds of nonsuit.

1. That there is not a particle of evidence, that the persons sued as defendants, were the persons who accepted the order, or that they are, or ever were, partners, or ever had any knowledge of this contract.

2. The order, if accepted by the defendants, was to pay the plaintiff only when they should receive their payments from A. Woodman on his house. There is no proof whatever that this condition has been performed.

The opinion of the Court was by

SHEPLEY J.—To entitle the plaintiff to recover he must prove, that one at least of the defendants accepted the order by the partnership name. That they were at that time partners in the business, to which it related. And that they had received their " payments from A. Woodman on his house." The order having been read in evidence, the only inference,

which this Court can make, is that the signature of the part-
nership name was either admitted or proved to have been made
by one of the defendants.   The existence of a partnership be-
tween them might be proved by their acts and declarations.
Proctor states, that they made the contract with him.   That
they informed him, that they had accepted this order; that
they settled with him for his labor; that they spoke of being
obliged to pay the order ; and of having made a contract with
Woodman, and of having adjusted it and delivered it up,
taking his note for about fifty dollars.   These acts and decla-
rations a jury might infer were to be attributed to both the
defendants, for Proctor speaks of their declarations and of
those, which Sleeper alone made to him, shewing that he ap-
parently made a distinction between what was said by one and
what was said by both.   From this testimony a jury 'might
conclude, that they were partners in that transaction and that
the signature was binding upon both of them.   And might
fairly conclude from the testimony of the same witness, that
they had made a written contract with Woodman by which
payment was secured for the labor upon his house ; that after
the order was accepted in August they had settled that con-
tract and discharged Woodman from it; that when they settled
with Proctor in November following they admitted it to have
been so discharged as to render them liable upon the order, and
in consequence of it took their pay of him for it as having
paid it.   The indorsements on it might tend to corroborate his
statements.

They took Woodman's note on their settlement with him
which does not appear to have been paid.   That however
would not be conclusive evidence, that they had not received
their payments of him on account of his house.   If they chose
to receive it on that settlement in payment, they could not, as
against others, allege the contract to remain unpaid.   Whether
the note was received in payment it was the province of the
jury to determine.   And they might from all the circumstances
stated by the witness conclude, that all the payments on ac-

count of the house had been fully made although the defendants had not received a note in part payment.

The Court may, according to our practice, order a nonsuit when the testimony introduced by the plaintiff will not authorize the jury to find a verdict in his favor. But in this case, the Court does not perceive, that it would have been obliged to set aside the verdict if one had been found for him.

*Exceptions sustained, nonsuit set aside,*

*and a new trial granted.*